**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRES GOMEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KOJI SHIMOOKA D/B/A DOYA DOYA; DOES, 1 through 10,<br><br>　　　　Defendants. | CV 17-3467-RSWL-AS<br><br>**ORDER re: Defendant's Motion to Dismiss Plaintiff's Complaint [9]** |

　　Plaintiff Andres Gomez ("Plaintiff") brings this Action against Defendant Koji Shimooka d/b/a Doya Doya's ("Defendant") business operation that allegedly is not accessible to Plaintiff, a physically disabled individual. Compl. ¶ 10, ECF No. 1. Currently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) ("Motion") [9].

1

The Court **GRANTS** Defendant's Motion as to the Americans with Disabilities Act claim **WITH LEAVE TO AMEND** and declines to exercise supplemental jurisdiction over all remaining claims in the Complaint.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California citizen with a physical disability requiring the use of a wheelchair whenever traveling in public. Compl. ¶ 1. Defendant operates the restaurant Doya Doya at 2140 Artesia Boulevard, Torrance, California. Id. ¶¶ 2, 9. Plaintiff visited Doya Doya on January 26, 2017 and March 1, 2017 and encountered the following violations relating to the parking space designated for disabled persons: (1) the International Symbol of Accessibility identification sign was missing; (2) there was no signage such as "Minimum Fine $250," "Van Accessible," or "Unauthorized Parking"; (3) the space was not van accessible; and (4) the ground was not painted as required by law. Id. ¶¶ 9-10.

Plaintiff wishes to patronize Doya Doya again because of its convenient location; however, the violations deter him from returning. Id. ¶ 11. Plaintiff alleges that Defendant knew of these violations and has the financial resources to remedy them without much difficulty or expense. Id. ¶¶ 13-14.

### B. Procedural Background

Plaintiff filed the Complaint [1] on May 8, 2017,

asserting claims for (1) negligence and violations of the (2) Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, *et seq.*; (3) California Unruh Civil Rights Act ("Unruh"), Cal. Civ. Code §§ 51-52, *et seq.*; (4) California Disabled Persons Act, Cal. Civ. Code § 54, *et seq.*; and (5) California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* Compl. ¶¶ 15-45. On July 20, 2017, Defendant filed the instant Motion to Dismiss [9-1]. Plaintiff did not oppose this Motion, and Defendant did not file a reply.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(internal quotation marks omitted)(citation omitted). Dismissal can be based on a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)(citation omitted).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz

v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. Klarfeld v. United States, 944 F.2d 583, 585 (9th Cir. 1991). The question presented by a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff has alleged sufficient factual grounds to support a plausible claim to relief, thereby entitling the plaintiff to offer evidence in support of its claim. Iqbal, 556 U.S. at 678; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of a cause of action's elements." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

**B. Analysis**

As an initial matter, because Plaintiff does not oppose the instant Motion, the Court **DISMISSES** the Complaint. C.D. Cal. R. 7-12 ("The failure to file any required document . . . may be deemed consent to the granting or denial of the motion."). Additionally, the Court discusses the merits of Plaintiff's allegations for negligence and violation of the ADA, Unruh, California Disabled Persons Act, and UCL.

    1. Federal Law Claim: Violation of ADA

To state a claim for ADA violation, the plaintiff

must plead that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)(citing 42 U.S.C. §§ 12182(a)-(b)). Defendant does not dispute the first two elements, and Plaintiff properly pled both his disability and that Defendant operates a place of public accommodation—the restaurant Doya Doya. Compl. ¶¶ 4-5, 9.

The third element is satisfied if the defendant did not remove architectural barriers when removal was readily achievable. 28 U.S.C. § 12182(b)(2)(A)(iv). Defendant contends that removal of the alleged barriers, all of which relate to the disabled parking space, was not readily achievable because Defendant had no right to control any parking space. Mot. 3:20-22. Defendant attaches its Lease of the restaurant premises to the Motion in support of this contention. Mot., Ex. A. However, the Court may not consider the Lease in determining whether to grant Defendant's Motion. See Swartz, 476 F.3d at 763 (citation omitted). Instead, the Court may only consider the sufficiency of Plaintiff's factual allegations. Id. (citation omitted).

Regardless, Plaintiff's Complaint is deficient as to the third element. Plaintiff alleges, "Defendant[]

had and still ha[s] control and dominion over the conditions at this location." Compl. ¶ 14. Such a threadbare allegation does not meet the federal notice pleading standards. Twombly, 550 U.S. at 555. Plaintiff fails to connect Defendant to the parking lot at all. Plaintiff does not allege that the parking lot is part of Defendant's premises or that Defendant had any right to the parking spaces. In this regard, Plaintiff fails to aver how Defendant could readily achieve "removal" of the "barriers" relating to the parking space. 28 U.S.C. § 12182(b)(2)(A)(iv).

Thus, the Court **GRANTS** Defendant's Motion to Dismiss as to the ADA claim.

    2. <u>State Law Claims: Negligence and Violation of Unruh, California's Disabled Persons Act, and UCL</u>

After dismissing the federal claim through which the court has original jurisdiction, the court may elect not to exercise supplemental jurisdiction over remaining state law claims under 28 U.S.C. § 1367(c)(3). Binder v. Gillespie, 184 F.3d 1059, 1066 (9th Cir. 1999). Particularly here, where the Court dismisses the only federal law claim at the outset of the case, the Court should decline supplemental jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988)("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to

6

choose not to exercise jurisdiction.").

The Court thus declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims—negligence and violation of Unruh, California's Disabled Persons Act, and UCL. Gawf v. Cnty. of San Benito, C12-00220 HRL, 2013 WL 1366031, at *1 (N.D. Cal. March 31, 2013)(granting defendants' motion to dismiss plaintiff's federal claims with leave to amend and declining supplemental jurisdiction over plaintiff's state law claims "unless and until plaintiff can adequately plead a federal claim for relief").

   3.   Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once "as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a). After that, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely given when justice so requires." Id. "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)(internal quotations and citation omitted). But if any amendment to the pleadings would be futile, leave to amend should not be granted. See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004)(quoting Saul v. United States, 928 F.2d 829, 843

(9th Cir. 1991)).

The Court **GRANTS LEAVE TO AMEND** for the ADA claim because Plaintiff has not previously amended his Complaint and the claim could be plausible were he to allege facts showing Defendant's rights to the parking lot such that Defendant could remedy the alleged violations.

### III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss **WITH 21 DAYS LEAVE TO AMEND** as to the ADA cause of action [9]. As for the remaining state law claims, unless and until Plaintiff amends the Complaint to sufficiently state an ADA claim, the Court does not exercise supplemental jurisdiction.

**IT IS SO ORDERED.**

DATED: **9/15/2017**          s/ RONALD S.W. LEW

                                           **HONORABLE RONALD S.W. LEW**
                                           Senior U.S. District Judge